IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EDWARD BARBER,** | : CIVIL NO. 1:CV-08-0743 |
| Petitioner | : (Judge Rambo) |
| v. | : |
| **JERRY MARTINEZ,** | : |
| Respondent | : |

## **M E M O R A N D U M and O R D E R**

The background of this order is as follows. Petitioner Edward Barber, a federal inmate proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking relief from a prison disciplinary hearing. A hearing on the petition is scheduled for July 15, 2008. Before the court is Petitioner's motion for the appointment of counsel for that hearing. (Doc. 13.)

As a prisoner seeking habeas relief pursuant to § 2241, Petitioner has no automatic right to appointment of counsel. *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991), *cert. denied*, 503 U.S. 988 (1992). If, however, the court determines that "the interest of justice so require" then counsel may be appointed. 18 U.S.C. § 3006A(a)(2).

As a threshold matter, it is necessary to determine whether Petitioner's claims have some arguable merit. *Reese*, 946 F.2d at 263-64. Petitioner claims that the allegation that he possessed a cell phone—the basis for the disciplinary hearing—is without merit. Based on the documents of record there may be a discrepancy as to which prison cell the phone was found and whether Petitioner was housed in that cell. Thus Petitioner's claims have potential merit.

Having cleared the threshold inquiry, it is necessary to consider other factors, which are not exclusive, in assessing Petitioner's request for appointment of

counsel.  These include Petitioner's ability to present his own case, the difficulty of the particular legal issues, the degree to which factual investigation is necessary, and the ability of Petitioner to pursue investigation.  *Reese*, 946 F.2d at 264.

Petitioner's filings to date have been clear, literate, and understandable.  He has a clear command of the record, and the ability to express his claims lucidly and forcefully.  He has not claimed that he is without the tools to file his claim, i.e., lack of access to pens, paper, library, etc.

Furthermore, the evidentiary hearing on Petitioner's petition should not present any difficult legal issues that would require the assistance of counsel.  The issues to be resolved are factual—whether Petitioner possessed a cell phone, and whether the prison documents are accurate as to the location where the phone was found and whether Petitioner was housed in the same cell.  Petitioner has now received all documents relevant to these issues.  He knows the individuals who were involved in the investigation and disciplinary hearing.  The government has been directed to produce the individuals who searched the cell for the evidentiary hearing.  Petitioner has astutely directed the court's attention to the discrepancies in the documents of record.  The court is satisfied that Petitioner has the ability to use these inconsistencies during the hearing to attack credibility, and that the assistance of counsel is not required.

Based on a careful consideration of the above factors and the issues to be heard at the habeas hearing, it is this court's opinion that the interest of justice does not require appointment of counsel in this case.  Accordingly, Petitioner's motion to appoint counsel will be denied.

As an additional matter, Plaintiff should advise the court as soon as possible whether he desires to call any witnesses to testify at the hearing.  If so, the court will issue writs to have these individuals brought to the hearing.  In light of the

time pressure, Plaintiff should give the names and addresses of his witnesses to his litigation coordinator at the prison—if one is available—and have him or her contact this office at 717-221-3960 as soon as possible.

Accordingly, **IT IS HEREBY ORDERED THAT** Petitioner's motion for appointment of counsel is **DENIED**.

        s/Sylvia H. Rambo
        SYLVIA H. RAMBO
        United States District Judge

Dated: July 7, 2008.